# EXHIBIT "A"

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM    INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 05/01/2019

SUPREME COURT OF THE STATE OF NEW YORK            Index Number
COUNTY OF WESTCHESTER
---------------------------------------------------------------x
ANNE GOLDENBERG
and HERBERT GOLDENBERG,

                        Plaintiffs,        **SUMMONS**

       -against-                          Plaintiff designates
                                                             Westchester County
NEW ROC ASSOCIATES, L.P. and                       as the place of trial
REGAL NEW ROC STADIUM 18 AND IMAX,
                                                             The basis of venue is
                        Defendants.             the situs of the accident
---------------------------------------------------------------x

**To the above named Defendants:**

       You are hereby summoned to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiffs' attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

       Plaintiffs reside at 8727 Cliffridge Avenue, La Jolla, CA 92037.

Dated:  White Plains, New York
          May __1__, 2019

                                           Yours, etc.

                                           WORBY VECCHIO EDELMAN LLP

                                           By: _John F. Della Jacono_
                                           Attorneys for Plaintiff
                                           11 Martine Avenue
                                           White Plains New York 10606
                                           (914) 686-3700
                                           jdellajacono@wvelaw.com

1

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 56757/2019
RECEIVED NYSCEF: 05/01/2019

TO: NEW ROC ASSOCIATES, L.P.
33 LeCount Place
New Rochelle, NY 10801-6454

REGAL NEW ROC STADIUM 18 AND IMAX
33 LeCount Place
New Rochelle, NY 10801-6454

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 56757/2019
RECEIVED NYSCEF: 05/01/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------x
ANNE GOLDENBERG
and HERBERT GOLDENBERG,

                        Plaintiffs,

       -against-

NEW ROC ASSOCIATES, L.P. and
REGAL NEW ROC STADIUM 18 AND IMAX,

                        Defendants.
----------------------------------------------------------------x

Index Number

**VERIFIED COMPLAINT**

      Plaintiffs, ANNE GOLDENBERG and HERBERT GOLDENBERG, by their attorneys, WORBY VECCHIO EDELMAN LLP complaining of the Defendants, respectfully allege upon information and belief:

      1.    That at all times hereinafter mentioned, Plaintiff ANNE GOLDENBERG was and still is a resident of the County of San Diego, State of California.

      2.    That at all times hereinafter mentioned, Plaintiff HERBERT GOLDENBERG was and still is a resident of the County of San Diego, State of California.

      3.    The accident which is the subject of this lawsuit took place in the City of New Rochelle, County of Westchester, and State of New York.

      4.    That at all times hereinafter mentioned, Defendant NEW ROC ASSOCIATES L.P., (hereinafter "NEW ROC") was and still is a domestic limited partnership, duly organized and existing under and by virtue of the laws of the State of New York.

      5.    That at all times hereinafter mentioned, and upon information and belief, Defendant NEW ROC was and still is a foreign limited partnership authorized to do business within the State of New York.

3

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM    INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 05/01/2019

6. That at all times hereinafter mentioned, Defendant REGAL NEW ROC STADIUM 18 AND IMAX (hereinafter "REGAL NEW ROC") was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, Defendant REGAL NEW ROC was and still is a foreign corporation authorized to do business within the State of New York.

8. That at all times hereinafter mentioned, Defendant REGAL NEW ROC was and still is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, Defendant REGAL NEW ROC was and still is a foreign limited liability company authorized to do business within the State of New York.

10. That at all times mentioned, there existed a premises known as Regal New Roc Cinemas a/k/a Regal New Roc IMAX located at 33 LeCount Place in the City of New Rochelle, County of Westchester and State of New York (hereinafter referred to as "Radio City" or the premises)

11. That at all times mentioned, Regal New Roc Cinemas contained an IMAX theatre and viewing spaces offering commercial entertainment for members of the general public.

12. That at all times mentioned, the Defendant NEW ROC owned the aforementioned premises

13. That at all times mentioned, Defendant NEW ROC leased the premises.

14. That at all times mentioned, the Defendant NEW ROC operated the premises.

4

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM                INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 05/01/2019

15. That at all times mentioned, the Defendant NEW ROC managed the premises.

16. That at all times mentioned, the Defendant NEW ROC maintained the premises.

17. That at all times mentioned, the Defendant NEW ROC controlled the premises.

18. That at all times mentioned, the Defendant NEW ROC had a duty to maintain the premises in a reasonably safe condition.

19. That at all times mentioned, the Defendant REGAL NEW ROC owned the aforementioned premises.

20. That at all times mentioned, Defendant REGAL NEW ROC leased the premises.

21. That at all times mentioned, the Defendant REGAL NEW ROC operated the premises.

22. That at all times mentioned, the Defendant REGAL NEW ROC managed the premises.

23. That at all times mentioned, the Defendant REGAL NEW ROC maintained the premises.

24. That at all times mentioned, the Defendant REGAL NEW ROC controlled the premises.

25. That at all times mentioned, the Defendant REGAL NEW ROC had a duty to maintain the premises in a reasonably safe condition.

26. That on December 30, 2017, Plaintiff ANNE GOLDENBERG was lawfully on the premises as a custom and theatre patron with the knowledge, permission and consent of the owners.

27. That on December 30, 2017, while Plaintiff ANNE GOLDENBERG was lawfully about the premises she was caused to slip and fall and sustain serious and permanent injuries.

5

28. The above mentioned occurrence and the results thereof were caused by the negligence of the Defendants and/or the Defendants' servants, agents, employees and/or licensees in the operation, management, maintenance and control of the premises in causing, allowing and permitting the premises to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at the location; in failing to maintain the premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at the location; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on the premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in a dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of the dangerous condition; in negligently and carelessly causing and permitting the above premises and walkways to be and remain in a dangerous condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in allowing soft drinks, juice drinks, concession/fountain drinks, and other liquid refreshments purchased by theatre patrons to spill, accumulate, pool and collect on the carpets and floors in public areas; in failing to install warning signs in public areas where liquids and patrons' drinks may have spilled; in failing to adequately supervise the public areas where liquids and patrons' drinks spilled and accumulated in areas where a high volume of audience traffic was anticipated; in failing to anticipate and supervise a high volume of audience traffic into and out of the theatre; in failing to anticipate and supervise patrons, including minors, purchasing, carrying holding, and consuming liquids, drinks and other refreshments in public areas of the theatre; in failing to keep the carpets and floors in the public areas and theatre clean, spill-free, and debris-free;

6

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM INDEX NO. 56757/2019
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 05/01/2019

in failing to use due care when dispensing and selling customers drinks and other liquid refreshments to customers and patrons, including but not limited to minors; in failing to properly supervise minors who purchased drinks on the premises; in failing to properly clean the floors in the theatre and public areas and dispose of spilled or discarded drinks so that they did not become, cause, or create a hazard for theatre customers and patrons; in failing to inspect the accident location in a timely manner; in negligently inspecting the accident location; in failing to place, erect, or situate cones, warning signs, or other barriers in the public areas so as to warn customers and patrons including Plaintiff ANNE GOLDENBERG of the dangerous conditions of the floor; in failing to place, erect, or situate cones, warning signs, or other barriers to prevent Plaintiff and other customers from walking in and occupying areas where customers' drinks and other liquid refreshments had been spilled; in placing Plaintiff ANNE GOLDENBERG in a zone of danger; in failing to take suitable and proper precautions for the safety of persons on and using the premises; and in being otherwise negligent and careless.

29. That no negligence on the part of the Plaintiff contributed to the occurrence alleged in any manner whatsoever.

30. That by reason of the foregoing, Plaintiff ANNE GOLDENBERG was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been and will continue to be unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

31. That Defendants' aforesaid acts and failures were negligent, careless, reckless and grossly negligent, entitling plaintiff to compensatory damages.

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM                INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 05/01/2019

32. The limited liability provisions of C.P.L.R. § 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. § 1602, including but not limited to subsections 2 and/or 7.

33. That as a result of the foregoing, plaintiff ANNE GOLDENBERG has been injured and damaged in a sum that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action for compensatory damages.

### AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs 1 through 33 of the Complaint, with the same force and effect as if more fully set forth at length in this paragraph.

35. Plaintiff HERBERT GOLDENBERG was and still is the lawfully wedded spouse of Plaintiff ANNE GOLDENBERG.

36. As a result of the above acts of negligence, Plaintiff HERBERT GOLDENBERG has been deprived of the service, society and consortium of Plaintiff ANNE GOLDENBERG, all to his expense and detriment.

37. By reason of the foregoing, Plaintiff HERBERT GOLDENBERG has been damaged as against Defendants in a sum in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants herein in the first cause of action in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action for compensatory damages; and in the second cause of action in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the interest, costs and disbursements of this action.

Dated: White Plains, New York
       May ___, 2019

                    Yours, etc.

                    WORBY VECCHIO EDELMAN LLP

                    By: John F. Della Jacono
                    Attorneys for Plaintiff
                    11 Martine Avenue
                    White Plains New York 10606
                    (914) 686-3700
                    jdellajacono@wvelaw.com

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM                INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 05/01/2019

## ATTORNEY'S VERIFICATION BY AFFIRMATION

STATE OF NEW YORK      )
                       : 
COUNTY OF WESTCHESTER  )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am associated with the attorneys of record for the Plaintiffs. I have read the annexed **COMPLAINT**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The file maintained in my office and investigation as to the matter.

The reason I make this affirmation instead of Plaintiffs is that your deponent maintains his office outside the county where the Plaintiffs reside.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
       May  1 , 2019

_____
John F. Della Jacono

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.* /19 *Year 20* 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ANNE GOLDENBERG and HERBERT GOLDENBERG,

Plaintiff(s),

- against -

NEW ROC ASSOCIATES, L.P. and REGAL NEW ROC STADIUM 18 AND IMAX,

Defendants.

### Notice of Electronic Filing (Mandatory Commencement Case)

WORBY VECCHIO EDELMAN LLP
COUNSELLORS AT LAW

*Attorneys for* Plaintiff(s)

11 MARTINE AVENUE
WHITE PLAINS, NEW YORK 10606

(914) 686-3700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ............................................  Signature ...........................................................................................................................

Print Signer's Name............................................................................................................

*Service of a copy of the within*   .   *is hereby admitted.*

*Dated:*

............................................................................................................................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a entered in the office of the clerk of the within-named Court on* 20

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon.* , *one of the judges of the within-named Court, at on* 20 , *at* M.

*Dated:*

WORBY VECCHIO EDELMAN LLP
COUNSELLORS AT LAW

*Attorneys for*

To: 11 MARTINE AVENUE

FILED: WESTCHESTER COUNTY CLERK 05/01/2019 09:47 AM        INDEX NO. 56757/2019
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/01/2019

Index No. _____/19                Year 20 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ANNE GOLDENBERG and HERBERT GOLDENBERG,

Plaintiff(s),

- against -

NEW ROC ASSOCIATES, L.P. and REGAL NEW ROC STADIUM 18 AND IMAX,

Defendants.

### Summons and Verified Complaint

WORBY VECCHIO EDELMAN LLP
COUNSELLORS AT LAW

Attorneys for Plaintiff(s)

11 MARTINE AVENUE
WHITE PLAINS, NEW YORK 10606

(914) 686-3700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ........................   Signature ........................

Print Signer's Name ........................

Service of a copy of the within _____ is hereby admitted.

Dated:

Attorney(s) for

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                          , one of the judges of the within-named Court,
at
on                    20    , at            M.

Dated:

WORBY VECCHIO EDELMAN LLP
COUNSELLORS AT LAW

Attorneys for

To:                                   11 MARTINE AVENUE

11 of 11